A. Michael Barker, Esquire
Barker, Scott & Gelfand
Linwood Greene – Suite 12
210 New Road
Linwood, New Jersey 08221
(609) 601-8677
(609) 601-8577 - Telefax
AMB/lw - Our File Number: 47620-99
Attorney for Defendants, the Township of Egg Harbor, Chief Blaze Catania

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY - CAMDEN**

| | |
|---|---|
| DOUGLAS CHARLES STROBY<br>Plaintiff,<br><br>vs.<br><br>EGG HARBOR TOWNSHIP, CHIEF BLAZE CATANIA, OFFICER JEFFREY LANCASTER, Jointly, Severally and/or in the Alternative<br>Defendants. | Civil Action<br>Number  09-cv-698 (JEI/AMD)<br><br>CONSENT DISCOVERY<br>CONFIDENTIALITY ORDER |

This matter having come before the Court upon the request of A. Michael Barker, Esquire, of the Law Offices of Barker, Scott & Gelfand, attorneys for Defendants, the Township of Egg Harbor and Chief Blaze Catania; and, notice having been given to Arthur J. Murray, Esquire of the Law Offices of Jacobs & Barbone, attorneys for Plaintiff; and, the Defendants, the Township of Egg Harbor and Chief of Police Blaze Catania having raised concerns with regard to the production of personnel files of employees, internal affairs reports, and policies of the Police Department, including but

not limited to personnel files and internal affairs files of Douglas Charles Stroby and Patrolman Jeffrey Lancaster, which files are allegedly relevant to claims raised by the Plaintiff in the above-captioned litigation; and, the parties having consented hereto; and, for good cause having been shown

IT IS on this _____ day of _____ 2009 ORDERED and ADJUDGED as follows:

1. The contents of the personnel files of employees of the Egg Harbor Township Police Department, internal affairs reports and the policies of the Police Department shall be and hereby are designated as "Confidential" material in this litigation.

2. All counsel and parties shall treat all documents concerning personnel files as "Confidential," unless otherwise ordered by the Court.

3. The attorneys for these Defendants may redact social security numbers, phone numbers and personal addresses and family information prior to submitting any files to Plaintiff. Counsel shall discuss other information which may need to be redacted and, if unable to be resolved, counsel shall make the appropriate application to the United States District Court Magistrate Judge.

4. All material identified as "Confidential" pursuant to paragraphs 1-3 shall not be used by any party for any purpose other than the conduct of this litigation.

5. Documents which are marked as "Confidential," the substance or contents of any "Confidential" material, as well as all notes and memoranda relating to such "Confidential" material, shall not be disclosed by any party to anyone other than the following:

a. The party and its counsel, including in-house counsel, who are actively engaged in the conduct of this litigation;

b. Partners, associates, secretaries, paralegal assistants, and employees of such attorneys who are rendering professional services in this litigation;

c. Court officials involved in this litigation, including but not limited to the United States District Court Trial Judge, the United States District Court Magistrate Judge, judicial clerks, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court;

d. Outside consultants or experts retained for the purpose of assisting counsel in this litigation; provided, however, that in all such cases under this subparagraph (d) the individual to whom disclosure is to be made has signed a form containing:

   i. a recital that the signatory has read and understands this stipulation;

   ii. a recital that the signatory understands that unauthorized disclosure of any "Confidential" material constitutes contempt of court;

   iii. a recital that the signatory agrees to return all documents, both "Confidential" or otherwise, and all copies thereof, to the counsel who provided the material within thirty (30) days of the termination of the litigation, as defined in paragraph 9 of this stipulation; and

   iv. a statement that the signatory consents to the exercise of personal jurisdiction by this United States District Court.

The form noted above must be sent to all counsel in this case. Counsel to the parties are responsible for taking reasonable measures to control, consistent with this stipulation, disclosure of the substance or contents of any "Confidential" material. Such reasonable measures shall include, at a minimum, informing any person to whom disclosure is made pursuant to this Paragraph, of the restrictions or disclosure contained in this stipulation.

6. Information disclosed at a deposition may be designated as "Confidential" only if it mentions the "Confidential" information provided for in paragraphs 1-3 by either:

   a. indicating on the record at the deposition that portions of the testimony are "Confidential" and are subject to the provisions of this stipulation, and/or

   b. by notifying all parties or counsel who attended such deposition in writing within thirty (30) days of the receipt of the transcript as to those pages and lines that contain "Confidential" material.

   In either event, all information disclosed at a deposition shall be treated as "Confidential" until thirty (30) days after receipt of the transcript by attorneys for the parties. The Court Reporter shall make two (2) copies of transcripts when "Confidential" documents are concerned, one copy with the "Confidential" documents and one without them.

7. When any "Confidential" material drawn from documents or information is presented, quoted, or referenced in any deposition, hearing, or other proceeding, counsel for the offering party shall make arrangements, or when appropriate, request the Court to make arrangements, to ensure that only persons qualified by this Discovery Confidentiality Order to receive "Confidential" material are present during such presentation, quotation or reference.

8. Within thirty (30) days after the final determination of this case by judgment, settlement, or otherwise; and, after final determination of all appeals; and, after expiration of the time available to appeal or move for reconsideration:

   a. Each qualified person receiving any "Confidential" material, and counsel of record for each party receiving any "Confidential" material, shall assemble and return to the disclosing party all documents and things containing such "Confidential" material, including all copies thereof whether or not identical.

   b. The obligation under paragraph 8(a) of this Discovery Confidentiality Order shall not apply to any of the persons set forth in paragraph 5(c) herein;

9. This Discovery Confidentiality Order does not address the procedures to be followed, or the protection to be afforded, any "Confidential" material in the event a motion is filed with "Confidential" material attached or in the event of a trial in this matter, and nothing contained in this Order shall be in conflict with the provisions of L. Civ. R. 7.1;

10. Should the need arise, counsel may make further applications to the Court for any deviations from this Discovery Confidentiality Order.

11. Nothing contained in this Discovery Confidentiality Order shall effect counsel's right to deem any document(s) as "privileged" and, therefore, not discoverable.

12. This Discovery Confidentiality Order is subject to all the provisions of L. Civ. R. 5.3 and shall be subject to modification by a Judge or Magistrate Judge at any time.

**IT IS FURTHER ORDERED** that a copy of this Discovery Confidentiality Order shall be served upon all counsel within ten (10) days of receipt.

_____
Ann Marie Donio, U.S.M.J.

We hereby consent to the form, substance, and entry of the within Discovery Confidentiality Order.

**JACOBS & BARBONE**

Dated: 3-5-09

By: _____
Arthur J. Murray, Esquire

**BARKER, SCOTT & GELFAND**
**a Professional Corporation**

Dated: 27 Feb 2009

By: _____
A. Michael Barker, Esquire