# BARKER, SCOTT & GELFAND

ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

A. MICHAEL BARKER *
JOSEPH M. SCOTT**
TODD J. GELFAND **

SHARLENN E. PRATT **
VANESSA E. JAMES **
ANTHONY H. OGOZALEK, JR.
JODI L. COHEN ** *Of Counsel*

*Atlantic County Office:*
210 New Road
Linwood Greene – Suite 12
Linwood, New Jersey 08221
(609) 601-8677
Fax (609) 601-8577

*Camden County Office:*
1939 Route 70 East
Cherry Hill, New Jersey 08003
(856) 874-0555
Fax (856) 874-9683

*CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
** LICENSED TO PRACTICE IN PENNSYLVANIA

Website: www.barkerlawfirm.net
e-mail: ambarker@barkerlawfirm.net

PLEASE REPLY TO
ATLANTIC COUNTY OFFICE

February 15, 2010

The Honorable Karen M. Williams, Magistrate
United States District Court
District of New Jersey/ Camden Vicinage
Mitchell H. Cohen US Courthouse
One John F. Gerry Plaza
Camden, New Jersey 08101

Re:  Douglas Charles Stroby v. Egg Harbor Township; Chief of Police Blaze Catania; and, Patrolman Jeffrey Lancaster, Jointly, Severally, or in the Alternative
     Docket Number:   09-cv-698 (JEI/ KMW)
     Our File Number:  47620-99

Dear Judge Williams:

Please be advised that the undersigned has been retained to represent the interests of Defendants, the Township of Egg Harbor and Chief of Police Blaze Catania (hereinafter referred to as "EHT" and "Chief Catania" respectively and "the Moving Defendants" collectively) in the above referenced matter.

Please accept this letter brief in opposition to Plaintiff's (hereinafter sometimes referred to as "Stroby") motion to compel discovery from

Page 2
February 15, 2010
United States District Court
Re:    Douglas Charles Stroby v. Egg Harbor Township; Chief of Police Blaze Catania; and, Patrolman Jeffrey Lancaster, Jointly, Severally, or in the Alternative
       Docket Number:    ATL-L-354-09
       Our File Number:  47620-99

---

Defendants and in support of the Moving Defendants' application for the Court to "review the operative documents *in camera*" to determine relevancy.

## I.   STANDARD OF REVIEW

Notwithstanding its broad reach, the scope of discovery has "ultimate and necessary boundaries." Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000) (citing, Hickman v. Taylor, 329 U.S. 495, 507 (1947)). "Although the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed." Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir.1999). To be discoverable, evidence must be "reasonably calculated to lead to the discovery of admissible evidence." Id. The burden remains on the party seeking discovery to "show[] that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." Caver, 192 F.R.D. 154, 159 (D.N.J. 2000); See also, Nestle Food Corp. v. Aetna Cas. and Surety Co., 135 F.R.D. 101, 104 (D.N.J. 1990). Whether certain documents are relevant is "viewed in light of the allegations of the complaint, not as to evidentiary

Page 3
February 15, 2010
United States District Court
Re: Douglas Charles Stroby v. Egg Harbor Township; Chief of Police Blaze Catania; and, Patrolman Jeffrey Lancaster, Jointly, Severally, or in the Alternative
Docket Number: ATL-L-354-09
Our File Number: 47620-99

admissibility." <u>Scouler v. Craig</u>, 116 F.R.D. 494, 496 (D.N.J. 1987). That is, "[d]iscovery should be tailored to the issues involved in the particular case." <u>Mack Boring & Parts Co. v. Novis Marine, Ltd.</u>, 2008 U.S. Dist. LEXIS 98479, <u>citing</u>, <u>Robbins v. Camden City Bd. Of Educ.</u>, 105 F.R.D. 49, 55 (D.N.J. 1985).

## II. LEGAL ARGUMENT

### A. Plaintiff's Motion to Compel Discovery Of An Internal Affairs Investigation Occurring After The Events Complained Of In Plaintiff's Amended Complaint Should Be Denied As Not Relevant To Allegations Of The Plaintiff's Complaints; and, The Court Should Conduct An *In Camera* Inspection.

The Moving Defendants contend the subsequent internal affairs investigation at issue is wholly irrelevant to any of the claims in Plaintiff's Amended Complaint. The Moving Defendants request that the Court conduct an *in camera* review of the subsequent internal affairs investigation at issue to determine any relevancy to the claims presented in Plaintiff's Amended Complaint.

In <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966 (3d Cir. July 22, 1996), the Third Circuit found certain civilian complaints highly relevant to the

Page 4
February 15, 2010
United States District Court
Re: Douglas Charles Stroby v. Egg Harbor Township; Chief of Police Blaze Catania; and, Patrolman Jeffrey Lancaster, Jointly, Severally, or in the Alternative
Docket Number: ATL-L-354-09
Our File Number: 47620-99

---

plaintiff's burden of proving that the municipality had a custom of permitting its police officers to use excessive force in the performance of their duties. The court considered as evidence a number of such complaints, which included an incident which occurred after plaintiff's experience, since such complaints "may have evidentiary value for a jury's consideration whether the city and policymakers had a pattern of tacitly approving the use of excessive force." Id. at 976. In particular, the Third Circuit held that the internal affairs investigation unrelated to and occurring after the plaintiff's encounter with the defendant officer was relevant only because it too was an excessive force complaint which was similar in nature to the claims of the plaintiff and relevant to the allegations that the city was indifferent to excessive force complaints. Beck, 89 F.3d 966, 976. Unlike the scenario in Beck, wherein a subsequent complaint was similar in nature to that presented by the demanding plaintiff, in the instant case an *in camera* review will reveal the internal affairs investigation after Stroby's encounter with Defendant, Patrolman Lancaster, does not reveal claims similar in nature to the

Case 1:09-cv-00698-JEI-KMW   Document 26-1   Filed 02/16/10   Page 5 of 7

Page 5
February 15, 2010
United States District Court
Re:   Douglas Charles Stroby v. Egg Harbor Township; Chief of Police Blaze Catania; and,
      Patrolman Jeffrey Lancaster, Jointly, Severally, or in the Alternative
      Docket Number:    ATL-L-354-09
      Our File Number:  47620-99

claims of Stroby, and therefore the subsequent internal affairs investigation of Defendant Patrolman Lancaster is not relevant and, accordingly, not discoverable.

A review of Stroby's Amended Complaint reveals Stroby alleges Defendant Lancaster seized him without probable cause, that the force Lancaster used was excessive, and that the moving force behind Lancaster's unreasonable seizure of Stroby was the negligence or deliberate disregard of Egg Harbor Township in the hiring, training, and supervision of Lancaster. [See, DNJ Docket Number 16].

An *in camera* review of the internal affairs investigation at issue will reveal that this subsequent internal affairs investigation is wholly unrelated and irrelevant to any of the claims made by Stroby in his Amended Complaint. Here, the Moving Defendants seek an Order protecting information and documents relating to the subsequent internal affairs investigation at issue; and, the Court may enter an Order with terms for the submission of documents for *in camera* inspection. See, In re First Peoples' Bank S'holders Litig., 121 FRD 219, 228-29 (DNJ 1988/

Page 6
February 15, 2010
United States District Court
Re:   Douglas Charles Stroby v. Egg Harbor Township; Chief of Police Blaze Catania; and,
      Patrolman Jeffrey Lancaster, Jointly, Severally, or in the Alternative
      Docket Number:    ATL-L-354-09
      Our File Number:  47620-99

---

Simandle). The *in camera* review of the disputed internal affairs documents will reveal no information concerning Defendant Lancaster's arrest procedures; nothing about Lancaster arresting without probable cause; nothing about Lancaster using excessive force. Accordingly, the facts, circumstances, and documentation of the subsequent internal affairs investigation at issue lies outside of permissible discovery and should not be disclosed.

### B.   The Moving Defendants Should Not Be Required to Bear The Costs Of Any Further Deposition Of Chief Blaze Catania

Should the Court order production of the facts, circumstances, or documents of the subsequent internal affairs investigation at issue, all information sought by counsel for Plaintiff is found in the documents of the internal affairs investigation. Accordingly, no further deposition of Chief Catania is required; and, there is no reason for imposing sanctions on the Moving Defendants under these circumstances.

### III.  CONCLUSION

The Moving Defendants respectfully request that the Court enter an Order providing for an *in camera* inspection and, thereafter, enter an

Page 7
February 15, 2010
United States District Court
Re:   Douglas Charles Stroby v. Egg Harbor Township; Chief of Police Blaze Catania; and, Patrolman Jeffrey Lancaster, Jointly, Severally, or in the Alternative
      Docket Number:   ATL-L-354-09
      Our File Number:   47620-99

---

Order denying the Plaintiff's motion to compel discovery of the facts, circumstances, and documents of the subsequent internal affairs investigation at issue, denying a second deposition of Chief of Police Blaze Catania, and denying any imposition of costs on the Moving Defendants.

Respectfully Submitted:

**BARKER, SCOTT & GELFAND**
**a Professional €€€Corporation€**

By: _/s/ A. Michael Barker_
A. Michael Barker, Esquire

AMB:SEP/lw
cc:   **with copy of enclosures to:**
      Arthur J. Murray, Esquire
      Attorney for Plaintiff

      Michele C. Verno, Esquire
      Attorney for Defendant,
      Patrolman Jeffrey Lancaster

Enclosures:
   1.   Notice of Motion for *In Camera* Inspection of Subsequent Internal Affairs Investigation
   2.   proposed form of Order for *In Camera* Inspection of Subsequent Internal Affairs Investigation; denying Plaintiff's Motion to Compel Discovery; denying second Deposition of Chief of Police Blaze Catania; and, denying imposition of costs on Moving Defendants