UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGLAS CHARLES STROBY,<br><br>       Plaintiff,<br><br>  v.<br><br>EGG HARBOR TOWNSHIP, BLAZE CATANIA, and JEFFREY LANCASTER,<br><br>       Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 09-698 (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

JACOBS & BARBONE, PA
By: Arthur J. Murray
1125 Pacific Avenue
Atlantic City, NJ 08401
    Counsel for Plaintiff

BARKER, SCOTT & GELFAND
By: A. Michael Barker
Linwood Greene - Suite 12
210 New Road
Linwood, NJ 08221
    Counsel for Defendants Egg Harbor Township and
    Blaze Catania

LAW OFFICES OF MICHELE C. VERNO LLC
By: Michele C. Verno
1001 Tilton Road
Suite 204
Northfield, NJ 08225
    Counsel for Defendant Jeffrey Lancaster

**IRENAS**, Senior District Judge:

    Plaintiff Douglas Charles Stroby brings this suit against Defendants Jeffrey Lancaster, Blaze Catania and Egg Harbor Township, which arises out of a dispute and physical altercation

between Plaintiff and Defendant Lancaster.[1]  At the time, Defendant Lancaster was an officer with the police department of Defendant Egg Harbor Township, and Defendant Blaze Catania was the Chief of Police of Defendant Egg Harbor Township.  Defendants Catania and Egg Harbor Township ("Municipal Defendants") have moved for summary judgment on all claims against them.

Count One of Plaintiff's Amended Complaint, brought under 42 U.S.C. § 1983 against Defendant Lancaster, claims that Defendant Lancaster violated Plaintiff's "procedural and substantive due process rights, his right to be free from unreasonable searches and seizures and his right to be free from cruel and unusual punishment, and his homestead rights guaranteed by the First, Fourth, Eighth, Ninth and/or Fourteenth Amendments to the United States Constitution. . . ." (Amended Complaint ¶ 42)[2]

Plaintiff brings multiple claims against the Municipal Defendants.  Count Two of Plaintiff's Amended Complaint, brought under § 1983, alleges a violation of Plaintiff's constitutional rights by the Municipal Defendants for failure to adequately screen and train its employees.  Count Three of Plaintiff's Amended Complaint, also brought under § 1983, alleges that the Municipal Defendants maintained policies and customs that were

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

[2] Plaintiff also brings multiple state law claims against Defendant Lancaster.  Counts Five, Six and Seven allege common law false imprisonment, trespass and invasion of privacy, respectively, against Defendant Lancaster.  Count Ten alleges negligent physical contact by Defendant Lancaster.  Count Eleven alleges physical assault by Defendant Lancaster.

deliberately indifferent to Plaintiff's constitutional rights. Count Four of Plaintiff's Amended Complaint, brought under the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6-1 et. seq., alleges a violation of Plaintiff's civil rights by Defendant Lancaster and the Municipal Defendants.

Count Eight alleges negligent hiring by Defendant Egg Harbor Township.[3]  Count Nine alleges negligent training by the Municipal Defendants.  Count Twelve alleges negligence by Defendant Egg Harbor Township under a theory of respondeat superior.[4]

The Court will grant the Municipal Defendants' motion for summary judgment in full, and dismiss all of Plaintiff's claims against them.  Although Defendant Lancaster has not moved for summary judgment, Counts One and Four of Plaintiff's Amended Complaint against Defendant Lancaster will also be dismissed. This Court declines to exercise supplemental jurisdiction on the

---

[3] Plaintiff concedes that summary judgment should be granted as to the negligent hiring claim.  (Plaintiff's Brief in Opposition to the Motion for Summary Judgment (Pl.'s Brief) p. 3)

[4] Plaintiff also brings multiple claims against Defendant Lancaster.  Count One of Plaintiff's Amended Complaint, brought under § 1983 against Defendant Lancaster, claims that Defendant Lancaster violated Plaintiff's "procedural and substantive due process rights, his right to be free from unreasonable searches and seizures and his right to be free from cruel and unusual punishment, and his homestead rights guaranteed by the First, Fourth, Eighth, Ninth and/or Fourteenth Amendments to the United States Constitution. . . ." (Amended Complaint ¶ 42)
     Counts Five, Six and Seven allege common law false imprisonment, trespass and invasion of privacy, respectively, against Defendant Lancaster.
     Count Ten alleges negligent physical contact by Defendant Lancaster.  Count Eleven alleges physical assault by Defendant Lancaster.

remaining state law claims against Defendant Lancaster, and this case will be remanded to state court.

I.

On September 30, 2008, Plaintiff first learned that his wife had an affair with Defendant Lancaster. (Defendants' Statement of Facts in Support of Motion for Summary Judgment (SOF) ¶ 36) Later that day, Plaintiff drove to Defendant Lancaster's home to confront him about the affair. (*Id.* at 41)  Although Defendant Lancaster was not home at the time, Plaintiff informed Defendant Lancaster's wife about the affair. (*Id.* at 42, 45)

Plaintiff then returned home. (*Id.* at 51-52) That afternoon, Plaintiff noticed a police car outside his house. (*Id.* at 53)  Defendant Lancaster, who was still on duty and in uniform, had driven to Plaintiff's home to confront Plaintiff about the affair. (*Id.* at 54).  Lancaster approached the home and entered without permission. (*Id.* at 72)  A physical altercation ensued. (*Id.* at 78-80)  The altercation ended, and Defendant Lancaster left Plaintiff's home. (*Id.* at 82)  At some point soon thereafter, Defendant Lancaster realized he left his sunglasses in Plaintiff's home, and re-entered the home, again without permission, to take the glasses. (*Id.* at 84)

Plaintiff called the Egg Harbor Township Police Department immediately to report the incident, and an investigation commenced. (*Id.* at 87, 89) At the conclusion of the investigation, Defendant Lancaster was administratively charged with conduct unbecoming an officer (simple assault), leaving an

assigned post, and violation of the chain of command. (*Id.* at 104) Defendant Lancaster pled guilty to the charges, and was suspended for 45 days total without pay, including the forfeiture of 15 vacation days, stripped of his position on the Egg Harbor Township Emergency Response Team and ordered to undergo anger management. (*Id.* at 108, 110-11)

Plaintiff filed his complaint against the Defendants on January 28, 2009 in the Superior Court of New Jersey, Law Division, Atlantic County. Defendants removed to this Court on February 16, 2009. Plaintiff amended his complaint on July 20, 2009. The Municipal Defendants filed the motion to dismiss currently before this Court on June 7, 2010.

## II.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). "'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'– that is, pointing out to the district court – that there is an absence of

evidence to support the nonmoving party's case.'" *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*, 477 U.S. at 323). The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

**III.**

The Court first addresses the constitutional claims, and then the negligent training and respondeat superior claims.

**A.**

Counts Two and Three of Plaintiff's Amended Complaint assert that the Municipal Defendants failed to adequately train and screen their employees, and adopted or maintained policies and customs that were deliberately indifferent to Plaintiff's constitutional rights, all in violation of 42 U.S.C. § 1983.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

The Municipal Defendants argue that Defendant Lancaster's actions were not taken under color of any statute, ordinance, regulation, custom, or usage, of any State, and therefore cannot

6

be the basis for liability under § 1983. Plaintiff, in turn, argues that Defendant Lancaster was in uniform and on-duty at the time of the incident, and therefore was acting under the color of law.

The Supreme Court has held that "acts of officers in the ambit of their personal pursuits" are not actions taken under the color of law. *Screws v. United States*, 325 U.S. 91, 111 (1945). The Third Circuit Court of Appeals has further clarified that "a police officer's purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law." *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1989). The Third Circuit found in *Barna* that an off-duty police officer who used his nightstick in a fight was not a state actor for purposes of § 1983, noting that courts generally require additional indicia of state authority to find that an officer acted under color of state law. *Id.*

Courts in the Third Circuit have extended this line of reasoning and found that police officers, even when in uniform and on duty, were not acting under color of state law for purposes of § 1983, so long as the officer's actions were of a personal nature and the officer did not arrest, or attempt to arrest, the victim. *See Halwani v. Galli*, 2000 U.S. Dist. LEXIS 9684, *8 (E.D. Pa. July 13, 2000)(holding that there was no action under color of state law when uniformed, on-duty police officer threatened plaintiff's life); *Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D. Pa. 1968)("It is the nature of the act

performed, not the clothing of the actor or even the status of being on duty, or off duty, which determines whether the officer has acted under color of law.")

In the present case, it is clear that Defendant Lancaster was not acting under the color of state law, even though he was in uniform and on duty. The dispute between Defendant Lancaster and Plaintiff was of a personal nature and did not in any way involve Defendant Lancaster's role as a police officer. Defendant Lancaster did not invoke any of the typical indicia of police authority. Plaintiff did not threaten Plaintiff with arrest, did not use any of his police-issued weapons, and did not attempt to invoke legal authority with Plaintiff. Plaintiff himself concedes that Defendant Lancaster was not ordered to be at his home, nor did he have a search warrant to enter the premises. (Pl.'s Brief p. 6) The nature of the acts alleged by Plaintiff clearly show that Defendant Lancaster was not acting under state law.

Plaintiff's failure to establish that Defendant Lancaster acted under color of state law requires that the Court grant the Municipal Defendants' motion for summary judgment. If no constitutional violation by the individual defendant is established, municipal defendants cannot be held liable under § 1983 for the individual defendant's acts. *See Williams v. West Chester,* 891 F.2d 458, 467 (3d Cir. 1989).

Although Defendant Lancaster has not moved for summary judgment, the Court will also dismiss Count One of Plaintiff's

8

Amended Complaint.  Count One sets forth a § 1983 claim against Defendant Lancaster.  The factual allegations which serve as a basis for Count One are the same factual allegations as those serving as a basis for Counts Two and Three.  The Court has already found *supra* that Defendant Lancaster was not acting under the color of state law and did not violate Plaintiff's constitutional rights.  Therefore Count One must be dismissed as a matter of law.[5]

**B.**

Count Nine of Plaintiff's Amended Complaint alleges negligent training by the Municipal Defendants.  The Municipal Defendants argue that Plaintiff has not established the necessary elements of a prima facie claim for negligence.

Under New Jersey law, liability may be imposed on an employer who fails to perform its duty to train and supervise its employees.  *Tobia v. Cooper Hosp. Univ. Med. Ctr.*, 136 N.J. 335,

---

[5] Count Four of Plaintiff's Amended Complaint, brought under the NJCRA, alleges civil rights violations by Defendant Lancaster and the Municipal Defendants.  "Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart: Section 1983. . . ." *Chapman v. State of New Jersey*, 2009 U.S. Dist. LEXIS 75720 at *7 (D.N.J. Aug. 25, 2009).  The NJCRA was intended to serve as an analog to 42 U.S.C. § 1983; it was designed to "incorporate and integrate seamlessly" with existing civil rights jurisprudence.  *Id.*  Because of this, Plaintiff's claim against Defendant Lancaster and the Municipal Defendants under the NJCRA must fail for the same reasons that his claims fail under § 1983 - Defendant Lancaster was not acting under the color of law.  Summary judgment will be granted in favor of the Municipal Defendants on Count Four, and the remainder of Count Four against Defendant Lancaster will be dismissed as a matter of law.

9

346 (1994).  Because this is a negligence claim, in order to establish a prima facie claim for negligent training, plaintiff must show that (1) the defendant owed a duty of care to the plaintiff, (2) defendant breached that duty of care, (3) defendant's breach was the proximate cause of plaintiff's injury, and (4) defendant's breach caused actual damages to plaintiff. *Weinberg v. Dinger*, 106 N.J. 469, 484 (1987).

In the present case, Plaintiff has presented no evidence that the alleged negligent training of either of the Municipal Defendants was a proximate cause of Plaintiff's injuries.  The issue of proximate cause is vague and subject to interpretation. *Conklin v. Hannoch Weisman*, 145 N.J. 395, 416 (1996).  The most basic form of proximate cause is "but for" causation, which requires proof that the injury would not have occurred "but for" the negligence of the defendant.  *Id.*  In more complicated situations in which multiple factors lead to the plaintiff's injury, the plaintiff is required to prove that the defendant's negligence was a cause of the injury, and that the negligence was a substantial factor that brought about the injury.  *Id.*

Plaintiff has presented no evidence to establish that his injury would not have occurred but for the negligent training by the Municipal Defendants, or that the failure to properly train by the Municipal Defendants was a substantial factor that brought about Plaintiff's injuries.  It is clear that the immediate cause of Plaintiff's injuries was the altercation with Defendant Lancaster.  Plaintiff has not presented any evidence to show that

10

Defendant Lancaster's training, or lack thereof, was a factor in bringing about the altercation.

Because Plaintiff has failed to present any evidence to establish proximate causation, his claim as to negligent training by the Municipal Defendants must fail, and summary judgment will be granted in favor of the Municipal Defendants on Count Nine.

### C.

Count Twelve is a claim against Defendant Egg Harbor Township for respondeat superior liability for the negligent acts of Defendant Lancaster.

Under the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1 et seq., public entities are immune from liability for the "acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." N.J.S.A. § 59:2-10. Willful misconduct is the commission of a forbidden act with actual knowledge that the act is forbidden. *Marley v. Palmyra*, 193 N.J. Super. 271, 295 (Law Div. 1983). There is no doubt here that Defendant Lancaster performed a forbidden act, and knew that the act was forbidden. Therefore Count Twelve must fail as a matter of law because Defendant Egg Harbor Township is immune from liability for Defendant Lancaster's willful misconduct.

### IV.

For the reasons set forth above, summary judgment will be granted as to all claims against the Municipal Defendants, and as to Counts One and Four against Defendant Lancaster.

The Court declines to exercise supplemental jurisdiction

11

over the remaining state law claims and this case is remanded to the Superior Court of New Jersey, Law Division, Atlantic County. *See* 28 U.S.C. § 1367(c)(3); *Queen City Pizza v. Domino's Pizza*, 124 F.3d 430, 444 (3d Cir. 1997) (the decision to decline to exercise supplemental jurisdiction over a plaintiffs' remaining state law claims "is committed to the sound discretion of the district court").  An appropriate Order accompanies this Opinion.

Dated: December 10, 2010

                                      s/ Joseph E. Irenas
                                      **JOSEPH E. IRENAS, S.U.S.D.J.**